On Application for Rehearing

PER CURIAM.
The opinion of November 14,1986, in this case is withdrawn and the cause is remanded to the trial court for a factual determination of the proper defendant. The trial court should ascertain whether the contract at issue in the case was between plaintiff Geraldine Howell and Gary West as an individual, or whether the contract was between Geraldine Howell and M.L. West Construction Company, with Gary West signing in his official capacity of vice-president of the company. If, after this determination, the court still considers its default judgment to have been proper, it shall so indicate by return to this Court. Otherwise, the court shall take whatever action it considers appropriate in regard to the default judgment and shall indicate its action by return to this Court.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
*804 ON RETURN TO REMAND
PER CURIAM.
Upon due consideration of the record of the proceedings following remand and the briefs of the parties, we are of the opinion that justice will be served by reversing the judgment appealed from and remanding this cause to the trial court for a jury trial on the merits. Because of the procedural posture of this case, the plaintiffs right to amend her complaint, including the substitution or addition of parties defendant, is not prejudiced by the lapse of time during the pendency of this appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.